Totten, J.,
delivered the opinion of the court,
The action is debt. In the declaration there are seven counts, in each of which a separate and distinct cause 'of action is alleged. The. first is upon two notes for the payment of money; another is, for so much money, the price and value of a bay stallion and a sorrel gelding, &c. To these several counts the defendant pleaded in defense, and issue was taken thereon. The verdict was for the plaintiff on the first coimb for'ninety-six dollars and sixty-three cents, the amount due on one of the *203 notes therein named, and for the defendant on all the other counts.
The judgment was for the plaintiff for said ninety-six dollars and sixty-three cents, cmd full cost incident to the suit. Many witnesses were in attendance and examined, but none of them as to the first count; their evidence was confined exclusively to the other six counts.
The defendant moved the court to tax the costs of said witnesses to the plaintiff, and to render judgment therefor in defendant’s favor, which was refused by the court, and judgment rendered as before stated; to which defendant excepted, and appealed in error to this court.
¥e may observe, that in the English practice, each party pays his own costs as they accrue in the progress of the suit; and'at the end of the suit, they are taxed against the party who is legally liable to pay them, and thus the other party recovers his costs in that behalf expended.
And in the case of several counts joining separate and distinct causes of action, the plaintiff was not entitled to costs upon any counts on which he did not succeed; nor was defendant allowed eosts on such counts, being the same on which he succeeded, except in special cases. 3 Yer. R. 654; 6 Ire. R. 602; 2 B. & P. 334; 5 East. 261
Finally, by a general rule, 2 W. 4, the defendant was allowed the costs of all issues found in his favor. 1 Chitty PI. 450.
In our practice, a general rule is prescribed by statute, that “in all actions, the party in whose favor judgment shall be given, or in case of a non suit, &c., the defendant, shall be entitled to full costs.” Act 1794, ch. 1. §74. Where the declaration contains but one cause of action, or where it contains several and the plaintiff recov *204 ers on them all, the rule is simple and of easy application.
But in the case before us, there is a joinder of seven separate and distinct causes of action, on each of which a separate suit would lie; the plaintiff recovers in one, and is cast in all the others. The costs in question accrued in the trial of those counts on which he was cast or non-suited. Now shall he, nevertheless, recover these costs of the defendant?
It is said that, by the words of the statute, he is entitled to full costs. We do not so construe the statute. He is entitled to full costs in all the causes of action or counts on which he succeeds, and on which judgment is rendered in his favor. In the present case, he recovers ninety-sis dollars and sixty-three cents, and his costs about his suit in that behalf, or for the recovery thereof, expended; but not his costs in the other causes of action or counts on which he was non-suited. On these counts, no judgment is rendered in favor of the plaintiff; the judgment is in fact for the recovery of the right stated in the first count, and as costs are only incident to a recovery, the costs in the latter counts cannot be given to the plaintiff who did not recover, but should be given to defendant, who did recover upon those counts. If the actions had been separate instead of joined, the result would have been the same, and it is not in the power of the plaintiff to join to one good cause of action, a number of unjust demands, and take the chances of litigation upon them at the inevitable expense of the defendant, whether he recover upon them or not. Such a practice would put it in the power of a plaintiff to oppress and ruin a defendant with costs; and the principle upon which it is assumed, is so unreasonable and unjust in *205 itself, that we cannot think it was so intended by the legislature. On the contrary, the statute intends 'that if the plaintiff succeed in his demand, he shall have costs as an incident; but if he fail, he shall pay costs to the defendant. The same principle will apply where a number of causes are joined in the same action, and the plaintiff succeeds as to some of them, and fails in the others. It is in effect a non-suit, as to the alleged causes of action in which he does not succeed. We think it clear that this is the true 'construction of the statute; and thus construed, it declares a just and equitable rule. "We need hardly say, that where the several counts contain the some cause of action, only varying in the statement so as to avoid a variance in the proof, and the like, the rule can have no application. It can apply only where there is a joinder of two or more causes of action. The plaintiff is entitled to all such costs as are in any wise connected with the cause of action in which he recovers. So that nothing perhaps could remain, except the costs incident to the proof in the other causes of action on which he does not succeed.
Assuming that defendant is entitled to these costs, as in cases of non-suit, we are next to consider the remedy by which he shall recover them.
Must he be remitted to another action to recover his costs, or will the court regard the costs as an incident, and finally dispose of them in disposing of the suit? Certainly the latter is the proper, course, as it judicially appears that the defendant is entitled to a portion of the costs. There can be no question, we think, as to the inherent power of the court over its suitors, to make the proper orders in this respect, and to enforce them accoi’ding to its practice in other cases. That is, to ren- *206 cler judgment and award execution for such costs, if they be not paid.
This practice is founded in principle and convenience, and we think it proper to adopt it in the present case. Eor the costs exclusively incident to the separate and distinct cause of action, as stated in the counts on which the plaintiff'did not succeed, the defendant is entitled to judgment against the plaintiff.
The judgment of the circuit court in this.’ respect is reversed, and the cause is remanded, with direction to proceed on defendant’s motion as to costs, in conformity to this opinion.
Judgment reversed.